UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INDLE KING, JR., | ) |
| Petitioner, | ) CASE NO. C07-1016-JCC-JPD |
| v. | ) |
| JEFFREY UTTECHT, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

## INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed an answer, raising the statute of limitations as a bar to the Court's consideration of the petition. Petitioner has filed a response to respondent's answer. Having reviewed the parties' submissions and the balance of the record, the Court concludes, for the reasons set forth below, that the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

## BACKGROUND

The Washington Court of Appeals summarized the facts in petitioner's case as follows:

> King was prosecuted for the murder of his wife, Anastasia. After his arrest, but before his trial, King offered to give false testimony for Dan Larson, the State's main witness against King, in Larson's indecent liberties case. King was jointly charged with first degree murder and witness tampering. The trial court denied King's motion to sever the two counts for trial.
>
> During voir dire, the prosecutor asked potential jurors whether it would make a difference to them if a witness for the State had made a plea agreement

REPORT AND RECOMMENDATION
PAGE 1

with prosecutors. The trial court overruled King's objection that the question was argumentative.

At the conclusion of her opening statement, the prosecutor told the jury, "Don't let him victimize again." The trial court denied King's motion for a mistrial, in which he argued that the statement was prejudicial.

On direct examination, Larson testified that King asked him whether the State could force King to take a polygraph examination. The trial court denied King's motion for a mistrial, in which he argued that the reference to a polygraph exam was prejudicial.

King cross-examined Larson on matters concerning his credibility and his physical strength. Larson invoked the Fifth Amendment in response to a total of eleven questions during cross-examination. The particular questions asked Larson to authenticate letters he had purportedly written, to admit statements he allegedly made about his fight with two corrections officers, and to discuss a confession he made about his indecent liberties offense. The trial judge denied King's motion to strike Larson's testimony in its entirety for his refusal to answer the questions.

King also moved to admit a toxicology report showing that Anastasia had tested positive for an illegal drug. King argued that the report might be relevant to rebut the State's theory about when Anastasia died. But the trial court excluded the report as being more prejudicial than probative after King admitted that the report could not accurately determine when Anastasia ingested the drug, except within a matter of weeks.

In her closing argument, the prosecutor called King a liar on three or perhaps four occasions. But King did not object to the argument, nor did he request a curative instruction. The jury convicted King on both counts.

*State v. King*, 2004 WL 500856 (Wash. Ct. App.; March 15, 2004). (Dkt. No. 14, Ex. 3).

The trial court sentenced petitioner to 347 months in prison. Petitioner appealed to the Washington Court of Appeals. (Dkt. No. 14, Ex. 1). On March 15, 2004, the appellate court affirmed petitioner's judgment and sentence. (*Id*., Ex. 3). Petitioner sought review by the Washington Supreme Court but the court denied review on February 1, 2005. (*Id*., Ex. 12).

On March 7, 2006, petitioner filed a personal restraint petition ("PRP") in Washington state court. (*Id*., Ex. 14). The Washington Court of Appeals dismissed the PRP on April 17, 2006. (*Id*., Ex. 15). It appears that petitioner did not seek review of this dismissal by the Washington Supreme Court.

REPORT AND RECOMMENDATION
PAGE 2

On July 3, 2007, petitioner filed the instant federal habeas petition under 28 U.S.C. § 2254. (Dkt. No. 1). The initial petition named an improper respondent and petitioner filed an amended petition on August 7, 2007. (Dkt. No. 5). After receiving one extension of time, respondent filed his answer on November 8, 2007. (Dkt. No. 13). Petitioner filed a response to the answer on December 7, 2007, and the matter is now ready for review.[1]

## GROUNDS FOR RELIEF

In his § 2254 petition, petitioner raises the following grounds for relief:

    1. The trial court abused its discretion in denying [petitioner's] motion to sever the counts.

    2. [Petitioner] was denied his 6th Amendment right to confrontation.

    3. The trial court erred in denying [petitioner's] request for a mistrial following the prosecutor's opening statement.

    4. The prosecutor's misconduct in jury selection deprived [petitioner] of a fair trial.

    5. The trial court erred in denying [petitioner's] request for mistrial following Mr. Larson's reference to polygraph test.

    6. [Petitioner] was denied his 6th Amendment right to present a defense.

    7. [Petitioner] was denied due process by abusive government power.

(Dkt. No. 1 at 6-15).

## DISCUSSION

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

---

[1] Respondent noted the answer for consideration by the Court on December 7, 2007. Under Local Rule CR 7, and the Order that the Court issued directing service of the petition (Dkt. No. 6), petitioner's response to the answer was due the Monday before the noting date, or on December 3, 2007. Although petitioner's response was received by the Court on December 7, 2007, it was signed by petitioner on December 2, 2007. (Dkt. No. 17 at 4). Because petitioner is incarcerated, the petition is deemed filed on the date that he delivered it to prison authorities, which presumably was December 2, 2007 and his response is therefore timely. *See Ford v. Hubbard*, 330 F.3d 1086, 1097 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE 3

Under AEDPA, the one-year limitation period begins to run from the latest of four possible dates:

>(A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review*;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence*.

28 U.S.C. § 2244(d)(1) (emphasis added).

The Ninth Circuit has held that where, as here, a habeas petitioner does not seek review of his state court judgment by the United States Supreme Court, the state court judgment is not final for purposes of AEDPA, until the 90-day period for seeking such review has elapsed. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). In addition, "a properly filed application for State post-conviction or other collateral review," such as a PRP in Washington state, will toll the statute of limitations. 28 U.S.C. § 2244(d)(2).

Here, petitioner's direct appeal concluded when the Washington Supreme Court denied petitioner's petition for review on February 1, 2005. AEDPA's one-year statute of limitations began to run 90 days later, after the period for seeking review by the Supreme Court had expired. Thus, the statute of limitations began to run on May 3, 2005. It ran uninterrupted for 309 days until petitioner filed his PRP in state court on March 7, 2006. The filing of the PRP tolled the statute until the Washington Court of Appeals dismissed the PRP on April 17, 2006. The statute then recommenced running and reached its one-year limit 56 days later on June 12, 2006.

Petitioner filed the instant habeas petition more than one year later, on July 3, 2007. To excuse this late filing, petitioner argues in his response that he "had no choice but to file his habeas petition until after the normal federal statute of limitation" had expired because petitioner's co-defendant, Daniel Larson, was convicted of first degree murder in March 2007. (Dkt. No. 17

REPORT AND RECOMMENDATION
PAGE 4

at 1). Larson had originally pleaded guilty and had testified against petitioner at petitioner's trial in 2000. According to a newspaper article provided by petitioner, Larson was retried after he breached his plea agreement by challenging his conviction. (Dkt. No. 1, Attachment).

Thus, petitioner appears to argue that he could not have discovered the factual predicate underlying his petition until March 2007, and that under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin running until then. However, there are several flaws in petitioner's argument. First and foremost, petitioner does not explicitly describe how Larson's trial in 2007 exonerates him or is inconsistent with petitioner's conviction in 2000. Instead, petitioner asserts in a conclusory manner that "testimony in [Larson's] trial could have been – and was – relevant to <u>all</u> issues in Petitioner's habeas petition." (Dkt. No. 17 at 1) (emphasis in original). Petitioner apparently believes that Larson, free from any obligation to testify against petitioner, would now testify that he alone was responsible for the murder of petitioner's wife. (*Id*. at 3). But petitioner provides no support for this theory.

In addition, it appears that petitioner has not presented this claim to the Washington state court for review. Thus, even if the claim were supported by evidence, the Court would be unable to review it until it had been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1). Principles of comity that underlie the exhaustion requirement counsel that such a claim based upon new evidence should be reviewed in the first instance by the state court. *See Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

In sum, by the time petitioner filed his federal habeas petition, AEDPA's one-year statute of limitations had expired approximately 12 months earlier, in June, 2006. Thus, petitioner's habeas petition is untimely and the petition should be dismissed.[2]

---

[2] The Court notes that petitioner has not argued, nor does his habeas petition disclose, that extraordinary circumstances exist that might qualify him for equitable tolling of the statute of limitations. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

## CONCLUSION

For the foregoing reasons, petitioner's habeas petition is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 18th day of December, 2007.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge